1

2                                                          **E-Filed 5/8/07**

3

4

5

6

7

8                                   NOT FOR CITATION

9                    **IN THE UNITED STATES DISTRICT COURT**

10                 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                                **SAN JOSE DIVISION**

12

13   MARC CHARLES DAWSON,                  Case Number C 02-00063 JF

                          Plaintiff,       ORDER[1] GRANTING MOTION FOR
14                                          LEAVE TO FILE SECOND
                     v.                     AMENDED COMPLAINT
15
     T. BORGES,                             [re: docket no. 70]
16
                          Defendant.
17

18

19                              **I. BACKGROUND**

20        This action arises from an alleged use of excessive force against Plaintiff Marc Charles

21   Dawson while Plaintiff was in the custody of the California Bureau of Prisons.[2]  On November 9,

22   2006, the Court granted in part and denied in part Defendant's motion for summary judgment.

23   On March 30, 2007, Plaintiff moved for leave to file a second amended complaint ("the SAC").

24   Plaintiff seeks to add a claim for declaratory relief and to name as an additional defendant the

25   _____

26        [1] This disposition is not designated for publication and may not be cited.

27        [2] *See* Order Granting in Part and Denying in Part Motion for Summary Judgment,

28   November 9, 2006 for a detailed review of the factual and procedural background of this action.

1  warden of Pelican State Bay Prison ("the Warden").  Defendant Borges opposes the motion.  The
2  Court heard oral argument on May 7, 2007.

3  **II. LEGAL STANDARD**

4      A request for leave to amend is governed by Federal Rule of Civil Procedure 15(a), which
5  provides that "leave shall be freely given when justice so requires."  In deciding whether to grant
6  leave to amend, the Court will consider several factors, including:  (1) undue delay by the party
7  seeking the amendment; (2) prejudice to the opposing party; (3) bad faith; (4) futility of
8  amendment; and (5) whether the party previously has amended its pleadings.  *Bonin v. Calderon*,
9  59 F.3d 815, 845 (9th Cir. 1995).

10  **III. DISCUSSION**

11  **1.    Delay**

12      Defendant asserts that Plaintiff's motion is the result of and will cause undue delay.
13  Defendant points to the five years that have passed since the filing of the original complaint and
14  the first amended complaint, the four years that have passed since Defendant filed his first
15  motion for summary judgment, the almost two years since Plaintiff was appointed his current
16  counsel, and the nearly seven months since Defendant filed his second motion for summary
17  judgment.  Defendant also stresses that discovery closed before the end of 2006 and asserts that
18  the parties were anticipating setting a trial date for some time in the summer of 2007 at the case
19  management conference scheduled for May 4, 2007.

20      Counsel for Plaintiff states the following: He was appointed on April 28, 2006.  At that
21  time, he was advised that Defendant anticipated bringing a second motion for summary
22  judgment.  After that motion was denied on November 9, 2006, counsel for Plaintiff prepared for
23  a judicial settlement conference on March 9, 2007.  Counsel for Plaintiff states that after that
24  effort at settlement failed, he reviewed Plaintiff's *pro se* complaint and conducted relevant
25  research to ensure that the complaint identified the precise relief desired by Plaintiff.  In so doing,
26  he realized that to obtain full relief, it would be necessary to expunge the disciplinary charges
27  against Plaintiff associated with the underlying incident from Plaintiff's prison record.  That led

28

2

1  him to the conclusion that a declaratory relief claim against the Warden should be added.  He

2  contacted opposing counsel to see if Defendant would stipulate to such amendment and reserved

3  the first available hearing date.  When counsel for Defendant did not respond, counsel for

4  Plaintiff filed the instant motion.

5          It is clear that Plaintiff could have sought to amend his complaint earlier because the

6  amendment at issue here did not depend upon the emergence of new facts.  However, no trial

7  date had been scheduled prior to this order, and there is no evidence of intentional or strategic

8  delay on the part of Plaintiff's counsel.  Accordingly, the Court concludes that Plaintiff is not

9  guilty of undue delay .

10  **2.      Prejudice**

11          Defendant argues that he will be prejudiced because discovery will need to be reopened

12  with respect to Plaintiff's exhaustion of administrative remedies.  However, the Warden likely

13  would not have to perform any discovery himself, since the prison has full records of any internal

14  proceedings brought by Plaintiff.  Even if such discovery is necessary, the resulting prejudice will

15  be minimal.  Any litigation between Plaintiff and the Warden regarding the sufficiency of the

16  claim against the Warden will not affect the Court's partial grant of summary judgment to

17  Defendant.  Although discovery and subsequent motion practice will delay trial briefly, the Court

18  concludes that any additional discovery is likely to be quite limited in scope.

19  **3.      Previous Amendment**

20          Defendant argues that the Court should be particularly reluctant to grant the instant

21  motion because the complaint has already been amended once.  However, the complaint was

22  amended within a month of its initial filing, and it has not been amended since counsel was

23  appointed.  Consequently, the Court gives little weight to the fact that the complaint has been

24  amended previously.

25  **4.      Local Rules**

26          Defendant also complains that counsel for Plaintiff failed to meet and confer prior to

27  filing the motion as required by the Court's local rules.  However, while the Court always

28  encourages cooperation between counsel, the local rules do not impose a meet and confer

3

Case No. C 02-00063 JF
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
(JFLC1)

1 | requirement for motions for leave to amend.

2 | **5.   Conclusion and Schedule**

3 |      Having weighed the factors discussed above, the Court concludes that Plaintiff should be

4 | permitted to file the proposed second amended complaint.  As discussed at the hearing, the Court

5 | adopts the following schedule:

6 |     September 14, 2007         Hearing of anticipated second motion for summary
judgment

7 | November 16, 2007         Pretrial conference

    November 26, 2007         Jury trial begins (expected duration, 4 days)

8

9 | **IV. ORDER**

10 |      Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for leave to

11 | file a second amended complaint is GRANTED.  Plaintiff shall file the second amended

12 | complaint within seven days of this order.  Discovery shall be reopened solely as to the issue of

13 | exhaustion.

14

15 | DATED:   May 8, 2007

16

17

18 | _____
JEREMY FOGEL

19 | United States District Judge

20

21

22

23

24

25

26

27

28

4

Case No. C 02-00063 JF
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
(JFLC1)

1    This Order has been served upon the following persons:

2    Amber Smith Crothall          asc@millermorton.com, jmh@millermorton.com

3

4    David Irwin Kornbluh          dkornbluh@millermorton.com, lac@millermorton.com

5    Jesse Jeremy Maddox , NA      jmaddox@lozanosmith.com, tcreamier@lozanosmith.com;
                                   dstevens@lozanosmith.com
6

7    Gregory Alan Wedner           gwedner@lozanosmith.com, ssimmons@lozanosmith.com;
                                   mbilleci@lozanosmith.com; lreynolds@lozanosmith.com;
8                                  ploftis@lozanosmith.com; dstevens@lozanosmith.com;
                                   JMaddox@lozanosmith.com
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

Case No. C 02-00063 JF
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
(JFLC1)