1

2                                                          **E-Filed 10/23/07**

3

4

5

6

7

8                                    NOT FOR CITATION

9                     **IN THE UNITED STATES DISTRICT COURT**

10                  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                                  **SAN JOSE DIVISION**

12

| | |
|---|---|
| MARC CHARLES DAWSON, | Case Number C 02-00063 JF |
| Plaintiff, | ORDER[1] GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| T. BORGES, individually, and ROBERT HOREL, Warden of Pelican Bay State Prison, in his official capacity, | [re: docket no. 89] |
| Defendants. | |

20          Defendants T. Borges ("Borges") and Robert Horel ("Defendants") move for partial

21   summary judgment on the Third Claim for Relief ("Third Claim") in Plaintiff's Second

22   Amended Complaint ("SAC").  Plaintiff Marc Charles Dawson ("Dawson") opposes the motion.

23   For the reasons set forth below, the motion will be granted.

24

25                                    **I. BACKGROUND**

26          Dawson is incarcerated at Pelican Bay State Prison ("PBSP") in Crescent City, California.

27   _____

28          [1] This disposition is not designated for publication and may not be cited.

On July 2, 2001, Dawson was involved in an incident with Borges as he was being escorted by Borges to a group therapy session.  As a result of this incident, Dawson filed a complaint and requested that misdemeanor charges be filed against Borges for using excessive force during the incident.  After an investigation relief was denied, and the denial was upheld in two subsequent appeals.

On July 6, 2001, Borges submitted a "Serious CDC 115 Rules Violation Report" ("RVR") accusing Dawson of battery on a peace officer.  On September 5, 2001, Dawson was found guilty.  Defendants assert that Dawson chose not to attend the disciplinary hearing, and that he waived his right to do so by signing CDC Form 128-B, which was presented to him by Officer Risenhoover a day before the hearing was to take place.  Dawson asserts that he did not sign the 128-B and was not aware that the hearing was to take place.

On January 4, 2002, Dawson, proceeding *pro se*, filed his original complaint in this Court, seeking relief against Borges pursuant to 42 U.S.C. § 1983.  Dawson alleges that Borges used excessive force during the incident, thus violating Dawson's rights under the Eighth Amendment.  Dawson's original complaint did not name any Doe defendants.

On December 13, 2002, Borges moved for summary judgment on the basis of qualified immunity.  That motion was denied on August 19, 2003.   On April 28, 2005, the Court appointed David I. Kornbluh as counsel for Dawson.  On September 5, 2006, following discovery, Borges again moved for summary judgment.  On November 9, 2006, the Court granted the motion with respect to the claim arising from the alleged bending of Dawson's fingers, and denied the motion with respect to the claims arising from an alleged push against the wall and Borges's alleged forcing of Dawson's face to the ground.

On May 10, 2007, Dawson filed the operative SAC, which: (1) added a claim for declaratory relief, the purpose of which is to have the finding that Dawson committed battery on a peace officer expunged from Dawson's prison record; and, (2) named as an additional defendant in his official capacity the Warden of Pelican Bay State Prison, Robert Horel ("Warden").

Case No. C 02-00063 JF
ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
(JFLC3)

1    Defendants now seek summary judgment as to Dawson's new claims.  The Court heard

2    oral argument on September 21, 2007.

3

4                              **II. LEGAL STANDARD**

5    A motion for summary judgment should be granted if there is no genuine issue of material

6    fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);

7    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The same Rule 56(c) standards

8    that apply to a motion for summary judgment apply to a motion for partial summary judgment.

9    *Nyk Line (N. Am.), Inc. v. Burlington N. & Santa Fe Ry. Co.*, 222 F. Supp. 2d 1176, 1178 (C.D.

10   Cal. 2002).  The moving party bears the initial burden of informing the Court of the basis for the

11   motion and identifying the portions of the pleadings, depositions, answers to interrogatories,

12   admissions, or affidavits which demonstrate the absence of a triable issue of material fact.

13   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

14   If the moving party meets this initial burden, the burden shifts to the non-moving party to

15   present specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e);

16   *Celotex*, 477 U.S. at 324.  A genuine issue for trial exists if the non-moving party presents

17   evidence from which a reasonable jury, viewing the evidence in the light most favorable to that

18   party, could resolve the material issue in his or her favor.  *Anderson*, 477 U.S. 242, 248-49;

19   *Barlow v. Ground*, 943 F.2d 1132, 1134-36 (9th Cir. 1991).

20                               **III. DISCUSSION**

21   As noted above, the SAC adds a new claim for declaratory relief (the "Third Claim"), by

22   which Dawson seeks to have the finding that he committed battery on a peace officer expunged

23   from his prison record, and names the Warden as an additional defendant.[2]  Defendants argue

24   that both the Third Claim and any action against the Warden are barred under the applicable

25   statute of limitations.  Defendants assert that the limitations period began to run one year from

26

27

28       [2] In Dawson's SAC, he named former PBSP Warden Richard Kirkland.  The parties
      subsequently stipulated to the substitution of current PBSP Warden Robert Horel.

                                           3

1  the date Dawson received notice of the adverse finding with respect to his RVR, which was

2  September 8, 2001.[3]

3      Dawson does not dispute that the Third Claim was filed outside the applicable limitations

4  period.[4]  He nonetheless makes two arguments as to why the claim should not be dismissed.

5  First, he argues that the claim was included in the original complaint.  Dawson filed an amended

6  complaint thirty days after filing his original complaint.  In the first amended complaint, he

7  requested that the court award, in addition to monetary damages; "any other relief deemed

8  necessary."  Dawson argues that such "other relief" included declaratory relief.  However, in

9  order for Dawson to seek declaratory relief, the Warden or at least a Doe defendant would have

10  had to be named as a party.  Neither Dawson's original complaint nor his first amended

11  complaint named either the Warden or any Doe defendants.

12      Second, Dawson argues that even if a prayer for declaratory relief was not previously

13  asserted in his original or first amended complaint, his new claim relates back to the date of the

14  filing of the original complaint under Federal Rule of Civil Procedure 15(c)[5], as amended in

15  1991.  However, Defendants correctly point out, and Dawson concedes, that "it is indeed the case

16  that under California law if a defendant is added to an amended complaint as a new defendant,

17  and not a Doe defendant, the amendment does not relate back to the time of the original

18  complaint." Dawson's Opp'n, 5:18-19 *citing  Anderson v. Allstate Ins. Co.,* 630 F.2d 677, 683

19

20      [3] Dawson does not dispute this date or that the applicable limitations period is one year.

21      [4] Dawson's original complaint was filed on January 4, 2002.  Dawson did not seek to
    amend his first amended complaint and add his Third Claim until 2007.

22

23      [5] Rule 15(c) states:  An amendment of a pleading relates back to the date of the original
    pleading when: (1) relation back is permitted by the law that proved the statute of limitations
24  applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of
    the conduct, transaction, or occurrence set forth or attempted to be set forth in the original
25  pleading, or (3) the amendment changes the party or the naming party against whom a claim is
    asserted in the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m)
26  for service of the summons and complaint, the party to be brought in by amendment (A) has
    received such notice of the institution of the action that the party will not be prejudiced in
27  maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake
    concerning the identity of the proper party, the action would have been brought against the party.

28

Case No. C 02-00063 JF
ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
(JFLC3)

1  (9th Cir. 1980).  Dawson suggests that Fed. R. Civ. Pro. 15(c) provides him with a more

2  forgiving standard of relation back than that of California law, and that the federal rules should

3  apply in this case.

4        Ninth Circuit case law subsequent to the 1991 amendments to Rule 15 is clear that in

5  federal actions under §1983, California law governs tolling and relation back.  *Rodgers v.*

6  *Horsely,* 123 Fed.Appx. 281, 285 (9th Cir. 2005).  Moreover even assuming *arguendo* that Rule

7  15(c) applies and sets forth a more liberal standard, the outcome of the instant motion would be

8  the same.  Dawson's addition of a new defendant, as distinguished from substituting or

9  correcting the name of an existing defendant, takes this action outside the scope of Rule 15(c).

10  The conduct, transaction and occurrence underlying Dawson's Third Claim is entirely separate

11  from that underlying his First and Second Claims for Relief for excessive force, for which he

12  seeks compensatory and punitive damages.  Dawson's Third Claim is based not on the incident

13  involving Borges on July 2, 2001 but on his challenge to the subsequent determination that he

14  was guilty with respect to the RVR.  Such a challenge is a separate matter which among other

15  things requires exhaustion of administrative remedies.  *Cf Oja v. United States Army Corps of*

16  *Engineers*, 440 F.3d 1122, 1134-35 (9th Cir. 2006).  Finally, the Warden received no notice of

17  the action, nor could he have known that Dawson would name him as a defendant.

18                                              **IV. ORDER**

19        Good cause therefor appearing, IT IS HEREBY ORDERED that Defendants' motion for

20  partial summary judgment is GRANTED.  Plaintiff's Third Claim for Relief and all claims

21  against the Warden are hereby dismissed.

22

23  DATED: October 23, 2007

24

25  _____
    JEREMY FOGEL

26  United States District Judge

27

28

Case No. C 02-00063 JF
ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
(JFLC3)

1    This Order has been served upon the following persons:

2

3

4    Amber Smith Crothall
     asc@millermorton.com
5

6    Gregory Alan Wedner
7    gwedner@lozanosmith.com

8    Jesse Jeremy Maddox
9    jmaddox@lozanosmith.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 02-00063 JF
ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
(JFLC3)